UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET M. CHEVRY,

    Plaintiff,

v.                                      CASE NO. 8:04-CV-2772-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____/

**<u>ORDER</u>**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying her claims for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Plaintiff argues that the Administrative Law Judge ("ALJ") erred by (1) failing to consider the "combined effect" of all impairments and symptoms; (2) failing to give proper consideration to the vocational assessment at MacDonald Training Center, Inc.; (3) failing to consider Dr. Perez's medical examination; and (4) finding claimant to be a "younger individual." After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed, and the Commissioner's decision is affirmed.

    *A. Background*

Plaintiff, fifty-two years old at the time of her administrative hearing, has a high school education and vocational training as a travel agent, although she has never worked as such. She has work experience as a nurse's aide, secretary, and dry cleaning counter attendant. Plaintiff

alleges disability due to multiple impairments, including a low back impairment, neck impairment, diabetes, left foot problem, low blood count, anemia, and severe headaches.

Plaintiff filed for DIB and SSI benefits in January 2002, alleging a disability onset date of October 1, 1999.[1] Her applications were denied both initially and upon reconsideration. Plaintiff requested an administrative hearing. The ALJ issued its decision denying Plaintiff benefits on April 6, 2004, and on December 1, 2004, the Appeals Council denied Plaintiff's request for review. Plaintiff filed an appeal to this Court and the case is now ripe for review.

In his decision, the ALJ found that Plaintiff's degenerative disc disease of the cervical and lumbar spine, diabetes mellitus, right rotator cuff tear, headaches, and anemia were severe impairments, but that they did not individually or cumulatively meet or medically equal one of the listed impairments of Appendix 1. (R.16-17). Furthermore, the ALJ found that Plaintiff could not perform any of her past relevant work, she had the residual functional capacity to perform light work-related activities, and that she could perform a significant number of jobs in the national economy. (R.18-19).

B.  *Standard of Review*

To be entitled to SSI or disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or

---

[1] Plaintiff previously filed for DIB and SSI and was denied on October 27, 2001. Plaintiff did not appeal that decision, and, therefore, that decision is *res judicata*. As a result, this decision will only affect benefits from October 28, 2001, onward.

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  *See* 42 U.S.C. § 423 (d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520; 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  *See* 20 C.F.R. §§ 404.1520(a); 416.920(a).  Under this process, the Commissioner must determine, in sequence, the following:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a  severe impairment(s) (i.e., one that significantly limits the ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. § 404.1520.  A claimant is entitled to benefits only if unable to perform other work.  *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f); 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, (1971). The ALJ's factual findings are conclusive if  "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even

if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    C.  Discussion

        1.  *combined effects of Plaintiff's impairments and symptoms*

Plaintiff argues that the ALJ erred by failing to include her foot condition in the list of impairment findings. She further argues that the ALJ only referred to her pain symptoms and failed to mention her weak, tired and cold, swollen feet and her inability to straighten her leg. The Commissioner contends that the ALJ did consider the combined effects of Plaintiff's conditions.

The ALJ has a duty to consider a plaintiff's impairments in combination. See 20 C.F.R. §§ 404.1522 and 416.922. Furthermore, an ALJ must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929. Failure to consider all symptoms and impairments in combination, requires that the case be remanded for proper consideration. *Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985).

Contrary to Plaintiff's allegations, the ALJ properly considered Plaintiff's subjective symptoms and her impairments in combination, including her foot problems (R. 16-17). In his decision, the ALJ noted the subjective complaints contained in Plaintiff's application, supporting

documents and testimony and characterized them as "generally credible in light of the treating and examining physicians, the findings made on examination and her description of her activities and lifestyle." (R. 17-18). While Plaintiff correctly asserts that the ALJ did not mention certain symptoms in his decision, a fair reading of the record indicates he properly considered them. For instance, the ALJ's hypothetical to the VE included limitations and he acknowledged restrictions in determining Plaintiff's residual functional capacity. (R. 18, 40-42). The hypothetical the ALJ directed the VE to consider an individual who could only occasionally perform pushing or pulling activities utilizing either leg or foot, including the operation of foot controls. (R. 40). Specifically, the ALJ determined that Plaintiff could perform light work-related activities, with a sit/stand option. Plaintiff's other limitations included only occasional climbing, balancing, stooping, crouching, kneeling and crawling, and no climbing ropes, ladders or scaffolds. Finally, the ALJ noted that while Plaintiff's impairments were severe, the evidence did not contain the requisite findings to show that she had any impairment or combination of impairments meeting one of the impairments listed in Appendix 1, Subpart P of Regulation 404. (R. 17). Accordingly, I find the ALJ properly considered the combined effects of Plaintiff's impairments and symptoms.

### 2. *community based work evaluation*

Plaintiff argues that the evaluation conducted by the MacDonald Training Center, Inc., finding that Plaintiff could perform only part-time work due to physical limitations and dependence on public transit, was entitled to weight by the ALJ. The Commissioner asserts that the evaluation and opinion from MacDonald Training Center, is not from an acceptable medical source.

Weight accorded to findings of another agency are to be given great weight, however, such findings are not binding. *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984). Here, the MacDonald Training Center, Inc. is not an agency, but a community based work evaluator. Furthermore, a community based work evaluator is not listed as an acceptable medical source to establish whether a claimant has a medically determinable impairment. 20 C.F.R. §§ 404.1513 and 404.913. Accordingly, I find that the ALJ did not err in failing to include the evaluation from MacDonald Training Center, Inc. in his decision.

### 3. treating physician's opinion

Plaintiff argues that the ALJ's decision failed to give proper weight to the examining physician's opinion, but instead found a non-examining reviewing physician's opinion persuasive. The testimony of a treating physician should be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Commissioner's regulations dictate a similar preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. §§ 404.1527(d) and 416.927(d). Additionally, the opinion of a non-examining, reviewing physician is entitled to little weight and taken alone, does not constitute substantial evidence to support an administrative decision. *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).

Here, the record reflects that Dr. Perez only examined Plaintiff once. (R. 121-124). A one-time examiner is not considered a treating physician and, therefore, Dr. Perez's opinions are not entitled to deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11t h Cir. 1987). In fact, all Dr. Perez did was refer Plaintiff to other physicians for treatment involving her lower back, anemia, and diabetes, and recommend that Plaintiff avoid repetitive bending over, prolonged walking, or lifting over 25 pounds. (R. 124). This recommendation is consistent with the ALJ's finding that Plaintiff may do light work.[2]

No treating or examining physician found Plaintiff disabled or reported any findings equivalent in severity to the criteria for any listed impairment. (R. 17). The ALJ's findings are in accordance with the medical opinions in the record. Therefore, I find that it was not improper for the ALJ to rely on the non-examining physician's opinion in determining that Plaintiff is not disabled.

### 4. finding Plaintiff to be a "younger individual"

Plaintiff argues that the ALJ erred in finding her a "younger individual" because she was fifty-two at the time of the hearing. She argues that per 20 C.F.R. §§ 404.1563(d) and 416.963(d), she qualifies as a person closely approaching advanced age.

Although the ALJ did characterize Plaintiff as a "younger individual" in his findings, he properly stated in his decision that she was "closely approaching advanced age."applied Grid Rule 202.14 for an individual "closely approaching advanced age," and properly directed the VE

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. 20 C.F.R. §§ 404.1567(b) and 416.967(b).

to incorporate Plaintiff's correct age in forming his opinions (R. 7, 17-19, 21). *See* 20 C.F.R. §§ 404.1563 and 416.963. Hence, I find the ALJ's misstatement harmless error. *See Diorio v. Heckler,* 721 F.2d 726 (11th Cir. 1983) (finding ALJ's incorrect statement that 61 year-old claimant was closely approaching advanced age was harmless error where ALJ correctly applied grids for closely approaching retirement age).

    D.    *Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is DISMISSED and the Commissioner's decision is AFFIRMED.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 21st day of March, 2006.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

8